Alexander, Titone and Bellacosa, JJ.
(dissenting in a *165 joint memorandum). We would affirm the order of the Appellate Division essentially for the reasons stated by the majority at that court. While the alleged conduct is unquestionably among the most heinous of criminal acts, we are not called upon here to pass judgment on those acts. Rather, we are merely asked to resolve a dispute about insurance coverage. As abhorrent and offensive as it is to contemplate that anyone should enjoy the safety net of insurer-sponsored defense and indemnification for alleged sexually aberrant behavior directed against children, courts cannot allow emotion and sympathy to eclipse or unsettle long-standing principles of contractual insurance law. Experience has taught that precision and predictability in this highly regulated field are essential juridical values. Once courts engage in selecting ad hoc exceptions, they step on a slippery slope leading to an indefinite destination. The majority’s declaration that the alleged conduct of the insured and the resultant injuries were "intentional”, as a matter of law, based on inferences drawn from the inherent nature of the conduct, challenges settled precedents, distorts the particular insurance policy’s exclusion provisions and obliterates the indispensable value of definitiveness.
Chief Judge Wachtler and Judges Simons and Kaye concur with Judge Hancock, Jr.; Judges Alexander, Titone and Bellacosa dissent and vote to affirm in a memorandum.
Order reversed, etc.